UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 13-22296-CIV-LENARD/GOODMAN

JUAN FRANCISCO LANDAETA,

    Plaintiff,

v.

ANTONIO ARVELAIZ, et al.,

    Defendants.

_____/

**<u>DISCOVERY ORDER</u>**

This Cause is before the Undersigned on Plaintiff Juan Francisco Landaeta's ("Landaeta") motions to compel Defendant Henry Cañizalez ("Cañizalez") and third-parties Lilliana Campa ("Campa") and Delirio Investment Group ("Delirio") to respond to his discovery requests. [ECF Nos. 113; 114].[1] The District Court has referred all discovery matters to me. [ECF No. 17]. The Undersigned has reviewed the pertinent portions of the record and held a hearing on April 22, 2014. [ECF No. 118].

At the start of the hearing, Landaeta advised that he had resolved his discovery issues with Campa and Delirio. Landaeta, however, requested that the Undersigned enter an order memorializing the parties' agreement. Landaeta then filed a notice and

---

[1] Technically speaking, Landaeta did not file a motion to compel, as the discovery procedures order [ECF No. 17] prohibits written discovery motions. Rather, the parties are directed to place the discovery dispute on the Undersigned's discovery calendar if they are unable to resolve the discovery dispute after conferring.

attached the parties' emails memorializing the agreement. [ECF No. 119]. For the reasons set forth at the hearing,[2] it is **ORDERED** and **ADJUDGED** as follows:

1. Landaeta's Discovery Requests to Campa and Delirio

**Granted**, by agreement. Campa shall appear at Landaeta's counsel's office for a deposition on May 9, 2014 at 10:00 a.m. Campa will testify on behalf of herself and Delirio. Campa and Delirio shall produce all responsive documents to Landaeta's subpoena request by April 30, 2014.

2. Landaeta's Request for Production Number 1 to Cañizalez

**Denied in part as moot and granted in part**. Cañizalez shall produce his 2010 tax return.

3. Landaeta's Request for Production Number 2 to Cañizalez

**Granted**, by agreement. Cañizalez shall produce Recycle Xpress Corp.'s 2013 tax return when completed. If Cañizalez has any interest in Carora Investment, LLC ("Carora"), then he shall produce responsive documents for Carora as well.

4. Landaeta's Interrogatories to Cañizalez

Landaeta asked Cañizalez to identify the individuals with whom he attempted to purchase dollars on the Black Market. Cañizalez had identified these individuals by initials only and had refused to provide their full identities. The Undersigned initially

---

[2] If any party appeals this Order, then the transcript of the hearing will need to be ordered, as it outlines the Undersigned's reasoning.

2

deferred ruling on Landaeta's interrogatories in order to give the parties the opportunity to submit briefing on whether Cañizalez had grounds to not answer the interrogatories because he is concerned that answering them could generate risk to these third parties in Venezuela.

The parties have now briefed this issue. [ECF Nos. 117; 120; 123]. In particular, Cañizalez submitted an affidavit [ECF No. 117] in which he makes the following points: (1) the purchase and sale of U.S. dollars in the Black Market "is a serious crime" in Venezuela and is "punishable by jail time of up to ten years and substantial fines and forfeiture of property;" (2) he converted Venezuelan "pesos"[3] to dollars through the Black Market; (3) the three persons, who he has identified by initials only, with whom he purchased or attempted to purchase dollars reside in Venezuela; (4) the three individuals could either lose their jobs, be sent to jail and be fined, or suffer "severe financial loss" if their roles in the transactions are uncovered; and (5) the three Venezuelans have asked that he not reveal their identities.

The Undersigned rejects Cañizalez's argument that he need not provide the interrogatory answers because they might create risk for the three non-party Venezuelans involved in the Black Market currency exchange. Cañizalez has not asserted that **he** would be in peril by providing answers. Instead, he argues that the

---

[3]   Bolivars, not pesos, are the currency used in Venezuela. http://www.countries-ofthe-world.com/world-currencies.html (last visited May 5, 2014).

three non-parties, who have not filed motions to quash or for a protective order, have grounds to authorize an exemption from relevant discovery propounded to him.

Under these circumstances, Cañizalez lacks standing to raise challenges and arguments arguably held by others. *See, e.g., Brown v. Braddick*, 595 F.2d 961 (5th Cir. 1979); *Armor Screen Corp. v. Storm Catcher, Inc.*, No. 07-81091-Civ, 2008 WL 5049277, at *2-3 (S.D. Fla. Nov. 25, 2008); *see also Jee Family Holdings, LLC v. San Jorge Children's Healthcare, Inc.*, 297 F.R.D. 19, 21 (D.P.R. 2014) (holding that defendant lacked standing to seek a protective order preventing disclosure of third parties' financial information); *In re Westinghouse Elec. Corp. Uranium Contracts Lit.*, 76 F.R.D. 47, 59 (W.D. Pa. 1977) (party lacked standing to argue that some documents are "secret documents of the Canadian government which that government wants returned").

Although Cañizalez lacks standing to assert the concerns which he says the three Venezuelans have about disclosure of their identities, the Undersigned also recognizes that a litigant does not necessarily have "an unrestrained right to disseminate information that has been obtained through pretrial discovery." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 31 (1984). Therefore, the Undersigned is granting the motion to compel answers to the interrogatory -- but with the following restrictions.

First, the discovery can be used only in connection with this litigation. Second, this information will be provided on an "attorney's eyes only" basis, with Plaintiff's

counsel (including associates, assistants, paralegals, law clerks, and investigators working for counsel) being the only persons who can, without further court order, see the interrogatory answers or be told about them. Third, if Plaintiff's counsel wishes to contact any of these three individuals, then they shall first attempt to contact the non-parties informally, without the need for subpoenas, letters rogatory, or other court process. If those efforts are unsuccessful or inadequate, then they may proceed with the more-formal alternatives. In order to enable Plaintiff's counsel to pursue this last condition, Cañizalez must provide counsel with the contact information necessary to informally communicate with the three non-parties.

5. Attorney's Fees

The Undersigned declines to award Landaeta attorney's fees under Rule 37. The Undersigned finds that Cañizalez's discovery positions were substantially justified. *See* Fed. R. Civ. P. 37(a)(5)(A)(ii).

**DONE AND ORDERED** in Chambers, in Miami, Florida, May 6, 2014.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to**:
Honorable Joan A. Lenard
All Counsel of Record