UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  13-CIV-22296-BLOOM

JUAN FRANCISCO LANDAETA,

　　　Plaintiff,

v.

ANTONIO ARVELAIZ
and HENRY CAÑIZALEZ,

　　　Defendants.
　　　_____/

## ORDER STRIKING JURY DEMAND

**THIS CAUSE** came before the Court on Defendant Henry Cañizalez's ("Defendant") Jury Demand, ECF No. [130] (the "Jury Demand").  The Court has reviewed the Jury Demand and the record in this case, and for the reasons described below, denies and strikes the Jury Demand.

Defendant's Jury Demand is untimely.  Federal Rule of Civil Procedure 38 governs the procedure for assessing the timeliness of a jury demand.  Rule 38 requires a party to serve its jury demand "no later than 14 days after the last pleading directed to the issue is served."  FED. R. CIV. P. 38(b)(1).  Rule 38 further provides that a "party waives a jury trial unless its demand is properly served and filed."  FED. R. CIV. P. 38(d); *see also LaMarca v. Turner*, 995 F.2d 1526, 1545 (11th Cir. 1993) (explaining that a party waives the right to a jury trial "by failing to make a timely demand upon the courts"); *Hill v. Wal-Mart Stores, Inc.*, 510 Fed. App'x 810, 812 (11th Cir. 2013) (failure to make a proper, timely demand waives right to jury trial).  Furthermore, Federal Rule of Civil Procedure 7(a) "defines what constitutes a pleading for purposes of Rule 38."  *Burns v. Lawther*, 53 F.3d 1237, 1241 (11th Cir. 1995).  Rule 7(a), in turn, defines a

"pleading" to include only a complaint, an answer to a complaint, an answer to a counterclaim, an answer to a crossclaim, a third-party complaint, an answer to a third-party complaint, and a reply to an answer (if the court orders one); by exclusion, no other filings constitute a pleading for Rule 7 and therefore Rule 38 purposes. *See id.* Finally, for a pleading to anchor a timely jury demand it must raise a new issue that would give rise to a jury demand within the meaning of Rule 38. *See Hartford Acc. and Indem. Co. v. Crum & Forster Specialty Ins. Co.*, 2012 WL 949825, at * 2 (S.D. Fla. Mar. 20, 2012) ("An amended or supplemental complaint that fails to raise a new issue does not revive an extinguished right to demand a jury trial.") (citing *LaMarca*, 995 F.2d at 1545-46); *Franklin v. Dean*, 2013 WL 800631, at *1 (M.D. Ala. Mar. 4, 2013) (summary judgment papers do not constitute pleadings for purposes of filing timely jury demand); *Shropshire v. Toney*, 2013 WL 1136622, at *7 (S.D. Ala. Feb. 21, 2013) (finding jury demand untimely where motion to amend complaint added no new claims); *see also In re Financial Federated Title & Trust, Inc.*, 309 F.3d 1325, 1329-30 (11th Cir. 2002) (amended complaint which increased sophistication of claims and raised claimed damages ten-fold triggered new date for jury demand purposes).

Here, Plaintiff filed his Amended Complaint, adding Defendant, on October 25, 2013. ECF No. [41]. Defendant filed his answer on December 19, 2013. ECF No. [70]. Defendant's answer was filed after the response deadline imposed by the Court, after the Clerk defaulted Defendant and after Plaintiff filed a motion for default judgment against Defendant. *See* ECF Nos. [66], [74]. On April 16, 2014, the Court, for good cause shown, granted Defendant's motion to set aside the Clerk's entry of Default against him. ECF No. [115].

The last pleading in this case relevant to Defendant's Jury Demand was filed on December 19, 2013. Even assuming that the effective date of the last pleading directed to the

2

issues to which Defendant's Jury Demand could attach is April 16, 2014, the date on which the Court vacated the default entered against Defendant and thereby permitted Defendant's Answer and defenses to be considered on the merits, Defendant's Jury Demand is filed over half a year late. Defendant's Jury Demand is, therefore, untimely and must be stricken. Defendant has waived his right to a jury trial by failing to make a timely demand. Absent further developments, this case will proceed by bench trial.

It is therefore **ORDERED AND ADJUDGED** that Defendant Henry Cañizalez's Jury Demand, ECF No. [130], is **STRICKEN**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, this 20th day of November, 2014.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record